UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| PATRICK RILEY | ] | |
| Plaintiff, | ] | |
| v. | ] | No. 1-08-00059 |
| | ] | Judge Haynes |
| JOHN DOE, et al. | ] | |
| Defendants. | ] | |

O R D E R

Plaintiff, Patrick Riley, a state prisoner formerly incarcerated at South Central Correction Facility ("SCCF")[1] in Clifton, Tennessee, filed this pro se action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc-1,[2] against Defendants Tennessee Department of Corrections ("TDOC") Commissioner George Little, TDOC Director of Religious Services Ronald Turner, SCCF Warden Cherry Lindamood,[3] and Corrections Corporation of America ("CCA"), alleging violations of his right to the free exercise of religion by designating his religion, Christian Identity, a security threat

---

[1] South Central Correctional Facility is operated by Corrections Corporation of America ("CCA") under contract with the State of Tennessee. See http://correctionscorp.com/facility/59/

[2] Plaintiff's Complaint was amended to include a claim under RLUIPA.

[3] Little, Turner and Lindamood are sued in their official capacities.

group ("STG"). Specifically, Plaintiff alleges that Christian Identity inmates are not allowed to meet for group services at SCCF or have ministers tend to them.

Before the Court is Little's and Turner's motion for summary judgment (Docket Entry No. 39) contending that Plaintiff's claims for declaratory and injunctive relief are moot and that Plaintiff's § 1983 claim against Little and Turner is barred by the Eleventh Amendment.

Plaintiff filed a response (Docket Entry No. 54) denying that his claim is moot and that the Eleventh Amendment does not bar his RLUIPA claim.

Plaintiff originally filed a grievance on October 1, 2007, asserting that Christian Identity inmates were not allowed to meet for group service. (Docket Entry No. 1, Complaint, Exhibit A at pp. 1-2). After seeking clarification of TDOC's stance on Plaintiff's request, Chaplain Runions at SCCF denied Plaintiff's request on October 31, 2007, informing Plaintiff that Turner indicated that TDOC did not recognize Christian Identity as a religious organization and that Christian Identity had been designated a STG. Id., Exhibit A at p. 3. Plaintiff filed this federal action on February 11, 2008. On October 4, 2008, Plaintiff was transferred from SCCF to Whiteville Correctional Facility. (Docket Entry No. 10).

2

The Court conducted a frivolity hearing on March 20, 2009. At the hearing, Turner explained that he sent an email, dated November 5, 2007, with the mistaken belief that Little had designated Christian Identity a STG. See (Docket Entry No. 1, Complaint, Exhibit A at p. 3, Exhibit B). Turner stated that Little responded to him the next day that Christian Identity had not been designated a STG.

Moreover, effective March 15, 2008, the policy relating to religious practices, Policy #118.01, was revised to allow inmates from all faith groups to apply for group accommodations for group worship services and other group activities. See (Docket Entry No. 42, Turner Affidavit, Exhibit No. 1). In an email sent by Turner on October 24, 2008, to all chaplains, wardens, and Commissioner Little, Turner states:

> [B]ased on an e-mail I wrote last November, some inmates are under the mistaken impression that the Department has designated Christian Identity as an STG. Please inform all interested inmates that Christian identity is not, and never has been, designated a Security Threat Group by TDOC. Moreover, an inmate may designate his or her religious preference as "Christian Identity" and that choice will be reflected in TOMIS.[4] TDOC does not designate faith groups as legitimate or otherwise. Under Policy #118.01 which became effective on March 15, 2008, we review requests for accommodations by all faith groups. Policy #118.01, VI, D, 12 sets out the procedure by which the Religious Activities Committee approves or disapproves accommodations requested by faith groups.

---

[4] TOMIS is an acronym for Tennessee Offender Management Information System.

3

Case 1:08-cv-00059 Document 64 Filed 07/02/09 Page 3 of 5 PageID #: 173

At the hearing, Turner stated that since the implementation of the revised policy he had has not received a request from Plaintiff for an accommodation.

As to Plaintiff's claims for declaratory and injunctive relief, these claims are denied as moot because Plaintiff is no longer incarcerated at SCCF. <u>Dellis v. Corrections Corp. of America</u>, 257 F.3d 508, 509 n.1 (6th Cir. 2001). In light of the change in TDOC's policy relating to religious practices, the Court finds that Plaintiff has an available remedy to address his request for group worship services and other group activities at Whiteville Correctional Facility pursuant to TDOC policy 118.01(VI)(D)(12), but has not exhausted this procedure. Accordingly, these prayers for relief are moot.

Turner and Little are both sued in their official capacities. Immunity under the Eleventh Amendment is applicable with respect to § 1983 claims. <u>Quern v. Jordan</u>, 440 U.S. 332 (1979). Turner and Little acting in their official capacities are not considered "persons" under § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits for money damages against state officials sued in their official capacities. <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985). Accordingly, Plaintiff's damages claims under § 1983 against Turner and Little are barred.

4

As to Plaintiff's § 1983 claim against Lindamood and CCA, the evidence reveals that denial of Plaintiff's request for group service at SCCF stemmed from Turner's mistaken belief regarding Christian Identity being designated a STG. Lindamood merely enforced the policy as interpreted by Turner. "[N]egligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause" and is not actionable under § 1983. Lovelace v. Lee, 472 F.3d 174, 201 (4th Cir. 2006). Accordingly, Plaintiff's claim fails.

Likewise, "negligence 'does not suffice to meet the fault requirement' under RLUIPA." Treece v. Burnett, No. 4:06-CV-110, 2007 WL 2815020, at *10 (W.D. Mich. September 25, 2007) (quoting Lovelace, 472 F.3d at 194); Greenberg v. Hill, No. 2:07-CV-1076, 2009 WL 8890521, at *6 (S.D. Ohio March 31, 2009) ("[N]egligence is not actionable under RLUIPA."). Thus, Plaintiff's RLUIPA claims against Little, Turner, Lindamood, and CCA are denied.

Accordingly, the Defendants' motion for summary judgment (Docket Entry No. 39) is **GRANTED** and Plaintiff's § 1983 and RLUIPA claims against Defendants Little, Turner, Lindamood, and CCA are **DISMISSED**.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 2th day of July, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge